UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER S. JOHNSON, | Case No.  C06-5328RBL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION |
| WASHINGTON DEPARTMENT OF CORRECTIONS, | |
| Defendant. | Noted for September 29, 2006 |

The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 11). The court finds and recommends:

(1). On June 9, 2006, the Clerk received this matter on transfer from the U.S. District Court for the District of Columbia.  Included in those materials was an application to proceed in forma pauperis, which was docketed by the Clerk on the court's motion calendar.  In addition the Clerk sent Mr. Johnson a letter, dated June 16, 2006, indicating that the application was deficient (it did not include a trust account statement).

On July 20, 2006, the court reviewed plaintiff's application and found it to be incomplete.  In addition the court reviewed the underlying matter and explained to plaintiff that it was most appropriately considered a civil rights action based on conditions of confinement.  Plaintiff was directed to file the missing document (prison trust account statement) and submit complete the IFP application form by not later than August 9, 2006.  To date, the court has not received an appropriate response.  Plaintiff has filed objections to the court's order, but he has not attempted to cure the deficiencies in the IFP application noted by the court.

ORDER
Page - 1

1      (2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. *See* <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

       (3) Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,. Plaintiff has not shown that is unable to pay the full filing fee ($350.00) to proceed with his lawsuit. In addition, the court should direct Mr. Johnson to pay the filing within 30 days of the court's order, and if he fails to pay the filing fee the clerk should be directed to dismiss this matter as frivolous.

       (4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29, 2006**, as noted in the caption.

       DATED this 5th day of September, 2006.

                          /s/ J. Kelley Arnold
                          J. Kelley Arnold
                          United States Magistrate Judge